UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RICHARD PRICE,<br><br>           Petitioner,<br><br>     v.<br><br>WARDEN,<br><br>           Respondent. | Case No.   2:23-cv-01336-JDP (HC)<br><br>ORDER |

Petitioner, a detainee in the Rio Cosumnes Correctional Center proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, I find that it contains only unexhausted claims. I will give him leave to amend to explain why it should still be allowed to proceed. I will also grant his petition to proceed *in forma pauperis*. ECF No. 6, and deny his motion to appoint counsel, ECF No. 8.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner indicates that he has not submitted his claims to the California Supreme Court, which he must do to properly exhaust his claims for federal habeas purposes. 28 U.S.C.

§ 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Petitioner cannot obtain habeas relief on unexhausted claims.  28 U.S.C. § 2254(b)(1)(A).  I will give petitioner an opportunity to file an amended petition that explains why his claims should proceed.

Petitioner's motion to appoint counsel is denied.  As petitioner concedes, there is no right to appointment of counsel in federal habeas proceedings.  *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996).  Appointment of counsel is warranted only where "the interests of justice so require."  *See* 18 U.S.C. § 3006A.  Here, it appears petitioner's claims are unexhausted and he has not otherwise shown that appointment of counsel is necessary for him to litigate this matter.  Accordingly, his motion will be denied without prejudice.

It is ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED.
2. Petitioner's motion to appoint counsel, ECF No. 11, is DENIED without prejudice.
3. The Clerk of Court is directed to send petitioner a federal § 2254 habeas form.
4. Within thirty days of this order's entry, petitioner may file an amended habeas petition.  If he does not, I will recommend this action be dismissed.

IT IS SO ORDERED.

Dated:   October 19, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE