UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RICHARD PRICE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　　Respondent. | Case No.  2:23-cv-01336-JDP (HC)<br><br>ORDER TO SHOW CAUSE |

On October 20, 2023, I screened petitioner's petition for a writ of habeas corpus and notified him that it failed to state a viable claim. ECF No. 10. I granted him thirty days to file an amended petition. *Id.* To date, petitioner has not done so.

To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines. The court may dismiss a case based on petitioner's failure to prosecute or failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Petitioner will be given an opportunity to explain why the court should not dismiss his

1

case for failure to file an amended petition. Petitioner's failure to respond to this order will constitute a failure to comply with a court order and will result in dismissal of this case. Accordingly, petitioner must show cause within twenty-one days of the date of entry of this order why the court should not dismiss his case for failure to prosecute and for failure to state a claim. Should petitioner wish to continue with this lawsuit, he shall also file, within twenty-one days, an amended petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated: December 4, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE